UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ILLINOIS

In re: §
§
FERRARIO, DANIEL L § Case No. 12-25823
§
Debtor(s) §

### TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 06/27/2012. The undersigned trustee was appointed on 03/15/2013.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of         $    460,000.00

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 3,711.00 |
| Bank service fees | 1,054.92 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1]    $ | 455,234.08 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6. The deadline for filing non-governmental claims in this case was 10/24/2012 and the deadline for filing governmental claims was 10/24/2012. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7. The Trustee's proposed distribution is attached as **Exhibit D**.

     8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 26,250.00. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 25,000.00, for a total compensation of $ 25,000.00 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00, and now requests reimbursement for expenses of $ 368.00, for total expenses of $ 368.00 [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 03/18/2014           By:/s/MICHAEL G. BERLAND
                                     Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 1
Exhibit A

Case No: 12-25823    BL   Judge: Bruce W. Black
Case Name: FERRARIO, DANIEL L

For Period Ending: 03/18/14

Trustee Name: MICHAEL G. BERLAND
Date Filed (f) or Converted (c): 06/27/12 (f)
341(a) Meeting Date: 07/23/12
Claims Bar Date: 10/24/12

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 15306 S. James Street, Plainfield, IL 60544  Home | 139,000.00 | 0.00 | | 0.00 | FA |
| 2. Financial Accounts First Midwest | 4,000.00 | 0.00 | | 0.00 | FA |
| 3. Financial Accounts Trust Company Of America | 21,755.88 | 21,755.88 | | 21,755.88 | FA |
| The sum of $460,000, which covered this this asset and all other assets, which could be liqudiated per the settlement agreement, was receivied in the latter part of November after the end of the reporting period of September 30, 2013. The $460,000 recovery also covered assets 4,5,6,7, 14,16,17,18,19. | | | | | |
| 4. Financial Accounts Stofan Agazzi | 59,147.55 | 59,147.55 | | 59,147.55 | FA |
| 5. Financial Accounts Pacfic Annuity | 54,871.82 | 54,871.82 | | 54,871.82 | FA |
| The trustee has to detrmine if there are any taxes payable by the estate. | | | | | |
| 6. Financial Accounts  Phoenix Companies | 175.00 | 0.00 | | 0.00 | FA |
| 7. Financial Accounts Vitrus Investments | 355.50 | 0.00 | | 0.00 | FA |
| 8. Financial Accounts  First Midwest (u) | 18,540.94 | 18,540.94 | | 18,540.94 | FA |
| 9. Household Goods | 1,000.00 | 1,000.00 | | 0.00 | FA |
| 10. Wearing Apparel | 1,000.00 | 0.00 | | 0.00 | FA |
| 11. Pension / Profit Sharing | 310,466.68 | 0.00 | | 0.00 | FA |
| 12. Pension / Profit Sharing | 387,901.01 | 0.00 | | 0.00 | FA |
| 13. Stock | 0.00 | Unknown | | 0.00 | FA |
| 14. OTHER-Tax refund (u) | 6,165.95 | 6,165.95 | | 6,165.95 | FA |
| 2008 tax return refund | | | | | |
| 15. entered in error | 0.00 | 0.00 | | 0.00 | FA |
| 16. Interest in account - First Midwest Bank (u) | 0.00 | 116,276.34 | | 116,276.34 | FA |
| Debtor and nonfiling spouse had a joint account at First Midwest Bank. Monies were transferred to spouse, which will be recovered as part of a settlement | | | | | |

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

Case No: 12-25823  BL  Judge: Bruce W. Black
Case Name: FERRARIO, DANIEL L

Trustee Name: MICHAEL G. BERLAND
Date Filed (f) or Converted (c): 06/27/12 (f)
341(a) Meeting Date: 07/23/12
Claims Bar Date: 10/24/12

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 17. Interest in account at Stofan Agazzi & Company (u) Duplicate entry of #4. | 0.00 | 60,000.00 | | 60,000.00 | FA |
| 18. Interest in account - Trust Company of America (u) Brokerage account at Trust Company of America was split in September of 2011 into two separate accounts. Monies will be reocvered as part of a settlement | 0.00 | 114,468.43 | | 114,468.43 | FA |
| 19. Interest in joint account - Chase Bank (u) Debor and nonfiling spouse had a joint checking account with $17,546.19 in the account at Chase Bank. Monies will be recovered as part of a settlement | 0.00 | 8,773.09 | | 8,773.09 | FA |

TOTALS (Excluding Unknown Values)    $1,004,380.33    $461,000.00    $460,000.00    Gross Value of Remaining Assets $0.00
(Total Dollar Amount in Column 6)

_____
Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

This case was reassigned when the former trustee resigned.There is single creditor in this case. The trustee and the creditor negotiated a total settlement of $460,000, which was paid to the trustee. The $460,000 total settlement incluilded both assets listed on the bankruptcy scheduels and unschedueld assets located after the filing of the case.The Trustee employed an accountant and then filed tax returns, which were approved.

Initial Projected Date of Final Report (TFR): 06/30/13    Current Projected Date of Final Report (TFR): 12/31/16

LFORM1    UST Form 101-7-TFR (5/1/2011) *(Page: 4)*    Ver: 17.04c

FORM 2
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1
Exhibit B

| Case No: | 12-25823 -BL | Trustee Name: | MICHAEL G. BERLAND |
|---|---|---|---|
| Case Name: | FERRARIO, DANIEL L | Bank Name: | Congressional Bank |
| | | Account Number / CD #: | *******0119 Checking Account |
| Taxpayer ID No: | *******7527 | | |
| For Period Ending: | 03/18/14 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 11/25/13 | * NOTE * | Daniel Ferrario | Payment of settlement per court ord | 1241-000 | 460,000.00 | | 460,000.00 |
| | | | This deposit covers both scheduled items 3,4,5,7,8,,14 | | | | |
| | | | and unscheduled items 16,17,18, and 19 | | | | |
| | | | * NOTE * Properties 3, 4, 5, 8, 14, 16, 17, 18, 19 | | | | |
| 12/05/13 | | Congressional Bank | BANK SERVICE FEE | 2600-000 | | 78.77 | 459,921.23 |
| 01/08/14 | | Congressional Bank | BANK SERVICE FEE | 2600-000 | | 488.28 | 459,432.95 |
| 02/04/14 | 001001 | Intenral Revenue Service | Payment to IRS tax due | 2810-000 | | 3,211.00 | 456,221.95 |
| 02/06/14 | | Congressiional Bank | BANK SERVICE FEE | 2600-000 | | 487.87 | 455,734.08 |
| 02/10/14 | 001002 | Gloria Longest | Payment of accountant per | 3410-000 | | 500.00 | 455,234.08 |
| | | | court order | | | | |

|  |  | COLUMN TOTALS | 460,000.00 | 4,765.92 | 455,234.08 |
|---|---|---|---|---|---|
|  |  | Less: Bank Transfers/CD's | 0.00 | 0.00 | |
|  |  | Subtotal | 460,000.00 | 4,765.92 | |
|  |  | Less: Payments to Debtors | | 0.00 | |
|  |  | Net | 460,000.00 | 4,765.92 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Checking Account - ********0119 | 460,000.00 | 4,765.92 | 455,234.08 |
| | ------------------------ | ------------------------ | ------------------------ |
| | 460,000.00 | 4,765.92 | 455,234.08 |
| | ============== | ============== | ============== |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals  460,000.00  4,765.92

| Page 1 | | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | Date: March 18, 2014 |
|---|---|---|---|---|---|---|

Case Number:  12-25823  
Debtor Name:  FERRARIO, DANIEL L

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>3410-00 | Gloria Longest | Administrative | | $500.00 | $500.00 | $0.00 |
| 000001<br>070<br>7100-00 | First Financial Bank, N.A.<br>c/o Richard B. Polony<br>Hinshaw & Culbertson, LLP<br>222 North LaSalle Street, Suite 300<br>Chicago, Illinois 60601 | Unsecured | | $1,362,649.00 | $0.00 | $1,362,649.00 |
| | Case Totals: | | | $1,363,149.00 | $500.00 | $1,362,649.00 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 12-25823
Case Name: FERRARIO, DANIEL L
Trustee Name: MICHAEL G. BERLAND

Balance on hand $ 455,234.08

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: MICHAEL G. BERLAND | $ 25,000.00 | $ 0.00 | $ 25,000.00 |
| Trustee Expenses: MICHAEL G. BERLAND | $ 368.00 | $ 0.00 | $ 368.00 |
| Accountant for Trustee Fees: Gloria Longest | $ 500.00 | $ 500.00 | $ 0.00 |

Total to be paid for chapter 7 administrative expenses      $ 25,368.00

Remaining Balance      $ 429,866.08

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 1,362,649.00 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 31.6 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | First Financial Bank, N.A. | $ 1,362,649.00 | $ 0.00 | $ 429,866.08 |
| | Total to be paid to timely general unsecured creditors | | | $ 429,866.08 |
| | Remaining Balance | | | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE